```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

AMERICANA    COMMUNICATIONS,
INC., a Wyoming corporation,
and AIVA CORPORATION,
a Wyoming corporation,

        Plaintiffs,

v.                                               Case No: 2:12-cv-548-29DNF

WMS PROVIDERS, INC.,
a Florida corporation, and
ROBERT V. ALLEN,

        Defendants.

_____

**OPINION AND ORDER**

This matter comes before the Court on defendants' Motion to Dismiss for Failure of Diversity Jurisdiction and Alternative Motion to Compel Arbitration (Doc. #39) filed on September 18, 2014. Plaintiffs filed a Response in Opposition (Doc. #41) on October 1, 2014, and defendants filed a Reply (Doc. #47) on October 22, 2014. For the reasons set forth below, the motion is denied.

**I.**

Americana Communications, Inc. and Aiva Corporation (plaintiffs) initiated this action on October 4, 2012, by filing an eight-count Complaint against WMS Providers, Inc. (WMS) and its owner, Robert V. Allen (Allen). (Doc. #1.) On February 11, 2014, the Court *sua sponte* dismissed the Complaint without prejudice

because plaintiffs had failed to properly allege the citizenship of the individually named defendant. (Doc. #14.) Plaintiffs filed an Amended Complaint on February 26, 2014 (Doc. #18), and defendants now move to dismiss plaintiffs' Amended Complaint for lack of subject matter jurisdiction. Alternatively, defendants argue that the Court should stay the judicial proceedings and compel arbitration of the claims in the Amended Complaint. (Doc. #39.)

Plaintiffs' Amended Complaint sets forth the following state law claims: (I) violation of the Florida civil theft statute; (II) conversion; (III) breach of trust; (IV) violation of the Florida Money Services Businesses statute; (V) violation of the Florida RICO Act; (VI) violation of the Florida Deceptive and Unfair Trade Practices Act; (VII) breach of contract; and (VIII) assumpsit. In support, plaintiffs allege the following: Plaintiffs sold subscriptions for access to Internet websites, and received payments from subscribers by credit card. (Doc. #18, ¶ 7.) Defendants represented themselves as credit card processors who would process the subscribers' payments and remit them to plaintiffs each week. (Id. ¶ 9.) While plaintiffs and defendants never finalized a written contract, (id. ¶ 12), plaintiffs began using defendants' services on February 23, 2010 (id. ¶ 16). From that date until March 14, 2010, defendants processed 62,249 credit

card payments made by plaintiffs' subscribers, in the amount of $1,017,843.56. (Id. ¶ 16.) None of these payments were remitted to plaintiffs. (Id. ¶ 18.) Defendants told plaintiffs that the subscribers' banks had refused to make any payments, yet the subscribers' credit cards had been debited by defendants. (Id. ¶¶ 17, 19.) Plaintiffs also allege that defendants photocopied the signature of Americana Communications' director onto a draft of a contract between plaintiffs and defendants, presumably to induce banks to allow the deposit of subscriber funds into defendants' accounts. (Id. ¶ 13.)

## II.

Subject matter jurisdiction in this matter is based on the alleged presence of diversity of citizenship between the parties. (Doc. #18, ¶ 5.) This requires complete diversity of citizenship, and that the matter in controversy exceed the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a); Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1261 (11th Cir. 2000). As the parties seeking federal jurisdiction, the burden is upon plaintiffs to establish diversity jurisdiction as of the date of filing. Sammie Bonner Constr. Co. v. W. Star Trucks Sales, Inc., 330 F.3d 1308, 1310 (11th Cir. 2003); Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001).

Based on the allegations that the credit card payments in question totaled $1,017,843.56 (Doc. #18, ¶¶ 16, 25, 30, 45, 61), the Court is satisfied as to the amount in controversy. Defendants assert, however, that plaintiffs have failed to establish diversity jurisdiction because plaintiffs are dissolved Wyoming corporations, and therefore have no principal place of business and hence no citizenship. Defendants rely on Holston Investments, Inc. B.V.I. v. LanLogistics Corp., 677 F.3d 1068 (11th Cir. 2012).

Defendants' reliance on Holston is misplaced. Holston held that a dissolved corporation has no principal place of business, and therefore was a citizen only of its state of incorporation. Holston, 677 F.3d at 1071. The court did not hold that a dissolved corporation becomes stateless for diversity of citizenship purposes. Thus, for purposes of Section 1332(c)(1), both Americana Communications and Aiva Corporation are citizens of Wyoming, the state in which they were incorporated prior to dissolution. Since defendants are citizens of Florida, complete diversity of citizenship has been properly set forth in the Amended Complaint. (Doc. #18, ¶¶ 2-3.) The motion to dismiss for lack of subject matter jurisdiction is therefore denied.

**III.**

Alternatively, defendants move to compel arbitration and stay the remaining judicial proceedings. (Doc. #39, pp. 8-11.)

Defendants assert that they entered a written contract with plaintiffs which contains an arbitration provision. Because there is a dispute over the very existence of the contract which is alleged to contain the arbitration agreement, the motion is denied pending trial on this issue alone.

Under the Federal Arbitration Act, a district court must grant a motion to compel arbitration if it is satisfied that the parties actually agreed to arbitrate the dispute. 9 U.S.C. § 3. "Arbitration is strictly a matter of consent." Granite Rock Co. v. Int'l Brotherhood of Teamsters, 561 U.S. 287, 299 (2010) (citation omitted). If no agreement exists, arbitration cannot be compelled. 9 U.S.C. § 4.

There are three distinct types of challenges to a contract containing an arbitration clause: "(1) a challenge to the validity of the arbitration clause standing alone, (2) a challenge to the validity of the contract as a whole, and (3) a challenge to the very existence of the contract." Wiand v. Schneiderman, F.3d , 2015 WL 525694, at *5 (11th Cir. 2015) (citations omitted). "Challenges to the validity of the contract as a whole are for the arbitrator to decide, whereas challenges to the validity of the arbitration clause in particular or to the very existence of the contract must be resolved by the court before deciding a motion to compel arbitration." Id. See also Granite Rock Co., 561 U.S. at

5

299-300 (the court must decide issues of formation of the parties' arbitration agreement and it's applicability to a particular dispute); Chastain v. Robinson-Humphrey Co., Inc., 957 F.2d 851, 852 (11th Cir. 1992)(district court determines whether the parties agreed to arbitrate).

In order to place the existence of a contract which contains an arbitration provision at issue, plaintiffs must unequivocally deny the existence of such an agreement and produce some evidence to substantiate the denial. Chastain, 957 F.2d at 854 (quoting T & R Enter. Inc. v. Continental Grain Co., 613 F.2d 1272, 1278 (5th Cir. 1980)). This evidentiary requirement may be satisfied by affidavits. Id.

The Court finds that the facts in this case are sufficient to put the making of the arbitration agreement in issue. The Amended Complaint alleges that the parties began to negotiate a written contract (Doc. #18, ¶ 10), but these negotiations were never completed and no written contract was ever signed (id. ¶ 12). The Amended Complaint further alleges that defendants added a photocopy of a signature to an undated draft contract without plaintiffs' knowledge or permission. (Doc. #18, ¶ 13.) Plaintiffs have also provided an affidavit to this effect. (Doc. #25-1, ¶¶ 8-9.) It is this "contract" which contains the arbitration

agreement relied upon by defendants.  Therefore, the motion to compel is denied at this time.

Accordingly, it is now

**ORDERED:**

1.   Defendants' Motion to Dismiss (Doc. #39) is **DENIED.**

2.   Defendants' Alternative Motion to Compel Arbitration (Doc. #39) is **DENIED.**

3.   The parties shall file a case management report within fourteen (14) days of the filing of this Opinion and Order setting forth suggested dates for the completion of discovery and other needed activities limited to the issues related to the existence of the contract which forms the basis for the arbitration and whether either party demands a jury trial as to issues.

**DONE AND ORDERED** at Fort Myers, Florida, this __23rd__ day of February, 2015.

_____
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies:

Counsel of record